U.S. BANK NATIONAL ASSOCIATION, as Trustee FOR the REGISTERED HOLDERS OF WACHOVIA BANK COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-C28, acting by and through its Special Servicer CWCapital Asset Management LLC, Plaintiff-Appellant,

v.

DEXIA HOLDINGS, INC., successor in interest to Dexia Real Estate Capital Markets, f/k/a Artesia Mortgage Capital Corporation, Defendant-Appellee.

17-0127-cv

United States Court of Appeals, Second Circuit.

December 13, 2017

FOR PLAINTIFF-APPELLANT: GREGORY A. CROSS (Colleen M. Mallon on the brief), Venable LLP, Baltimore, MD.

FOR DEFENDANT-APPELLEE: KENNETH I. SCHACTER (Dina R. Kaufman on the brief), Morgan, Lewis & Bockius LLP, New York, NY.

PRESENT: José A. Cabranes, Debra A. Livingston, Susan L. Carney, Circuit Judges.

## SUMMARY ORDER

Plaintiff-Appellant U.S. Bank National Association, as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C28, acting by and through its Special Servicer CWCapital Asset Management LLC ("Trust") appeals the District Court's judgment awarding attorney's fees to Defendant-Appellee Dexia Holdings, Inc., successor in interest to Dexia Real Estate Capital Markets, formerly known as Artesia Mortgage Capital Corporation ("Dexia") in the litigation between them.

To resolve this appeal, we need reach only four of the Trust's arguments. These arguments are that the District Court erred in: (1) declining to adhere to what the Trust asserts was the law of the case; (2) interpreting the plain language of the applicable contracts to require the Trust to pay Dexia's attorney's fees; (3) declining to

reduce the award of fees against the Trust to avoid an inequitable result; and (4) refusing to offset Dexia's recovery in a separate proceeding against the attorney's fee award in the instant case. Upon due consideration, we conclude—for substantially the same reasons given by the District Court—that these arguments are without merit.[1] *See U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Mkts.*, No. 12 Civ. 9412, 2016 WL 4368377, at *7 (S.D.N.Y. Aug. 12, 2016) (law of the case); *id.* at *4 (plain text of contracts); *id.* at *8 (equity); *U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Mkts.*, No. 12 Civ. 9412, 2016 WL 6996176, at *4-7 (S.D.N.Y. Nov. 30, 2016) (offset).

## CONCLUSION

We therefore **AFFIRM** the District Court's judgment of December 19, 2016.

---

1. In light of our resolution of these four issues, we do not decide, for example, whether the District Court "erred in interpreting the obligation to pay attorneys' fees as a 'remedy.'" Pl.-Appellant Br. 35.